UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ANTHONY ESTEE GAULT,

                  Plaintiff,

        - against -

SOCIAL SECURITY ADMINISTRATION, et al.,

                  Defendants.
----------------------------------------------------------x

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**
17-CV-703 (PKC)

PAMELA K. CHEN, United States District Judge:

On February 3, 2017, plaintiff Anthony Estee Gault, proceeding *pro se*, filed the instant complaint, asserting claims pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971).[1] Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted for purposes of this Order. For the reasons stated below, Plaintiff's claims against the Social Security Administration ("SSA") and the "Supervisor" of the SSA office located on Nostrand Avenue in Brooklyn, New York, are dismissed. Plaintiff's claims will proceed against the John Doe security guards, once they are identified.

---

[1] To the extent that Plaintiff alleges that his constitutional rights were violated by an agency and employees of the United Sates government, the proper jurisdictional basis is under *Bivens*, 403 U.S. 388, rather than § 1983.

## BACKGROUND

**I.  FACTS[2]**

Plaintiff alleges that on January 24, 2017, he went to the SSA office located at 2250 Nostrand Avenue in Brooklyn, New York, to report a stolen Social Security check. An altercation ensued, and Plaintiff alleges that he was assaulted by two security guards. (Compl, Dkt. 1 at ECF 5, 8-9).[3] Plaintiff was issued two "tickets," one for disorderly conduct and one for assaulting a security guard. (Compl, Dkt. 1 at ECF 10-11).

Following the incident, Plaintiff received a letter from the SSA, dated January 26, 2017, noting that because he had assaulted a protective security officer at the Flatbush Avenue, N.Y. SSA field office, he was barred from entering any Social Security office for any reason. (Compl, Dkt. 1 at ECF 13–14). The letter noted that Plaintiff could contact the SSA by mail, internet, or phone, or could designate another party to communicate on his behalf. (*Id.*) Plaintiff was further informed of his right to appeal the decision barring him from entering the SSA's offices. (*Id.* at ECF 14.) Plaintiff fails to indicate whether he submitted an appeal and seeks monetary damages.

**II.  STANDARD OF REVIEW**

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "An action is frivolous 'where it lacks an arguable basis either in law or in

---

[2] The following facts are drawn from Plaintiff's complaint and the exhibits attached therein and are taken as true for the purposes of this order. Plaintiff's complaint is far from a model of clarity.

[3] Citations to "ECF" refer to the pagination generated by the Court's electronic docketing system and not the document's internal pagination.

fact.'" *Weissbrod v. Gonzalez*, 576 F. App'x. 18, 19 (2d Cir. 2014) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. (citation and internal quotations marks omitted). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

In reviewing Plaintiff's complaint, the Court is mindful that he is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers . . . ." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation and quotation marks omitted).

## DISCUSSION

The complaint is brought against a federal agency and its employees. Therefore, the Court construes it as an action pursuant to *Bivens*, 403 U.S. 388. *Bivens* governs violations by persons acting under color of federal law and is analogous to 42 U.S.C. § 1983, which governs actions against persons acting under color of state law. *See Tavarez v. Reno*, 54 F.3d 109, 110

(2d Cir. 1995) ("[F]ederal courts have typically incorporated § 1983 law into *Bivens* actions."); *Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) ("A plaintiff bringing a claim under *Bivens* must allege that he has been deprived of a constitutional right by a federal agent acting under color of federal authority."). "In a *Bivens* action, alleged victims of constitutional violations by federal officials may recover damages despite the absence of any statute specifically conferring such a cause of action." *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994).

I.  **Plaintiff's Claims Against the Social Security Administration**

To the extent Plaintiff is attempting to allege violations of his constitutional rights by the SSA, the SSA is immune from suit. A *Bivens* claim against a federal agency is precluded, as an action against a federal agency is essentially a suit against the United States, and *Bivens* actions against the United States are barred under the doctrine of sovereign immunity. *Id.* (a suit against the United States is barred under the doctrine of sovereign immunity, unless immunity is waived); *see also Steele v. Soc. Sec. Admin.*, No. 14 CV 7104, 2016 WL 4688850, at *2 (E.D.N.Y. Sept. 7, 2016) (dismissing complaint against SSA for lack of subject matter jurisdiction). "The United States has not waived its sovereign immunity as to constitutional tort claims for money damages." *Martinez v. Queens Cnty. Dist. Atty.*, No. 12 CV 06262, 2014 WL 1011054, at *12 (E.D.N.Y. Mar. 17, 2014) (citation and quotation marks omitted).

Moreover, to the extent that Plaintiff seeks to allege that the SSA violated his constitutional rights by barring him from entering any SSA building, his claim likewise fails. "The ability to enter a federal building is not, in itself, a cognizable liberty or property interest." *Richards v. Soc. Sec. Admin.*, No. 15 CV 1528, 2016 WL 4690394, at *3 (E.D.N.Y. Sept. 7, 2016); *see also Steele*, 2016 WL 4688850, at *2 (citing *Williams v. Town of Greenburgh*, 535 F.3d 71, 74-76 (2d Cir. 2008)). Further, although Plaintiff may not physically enter the SSA's

4

offices, he is able to communicate with the SSA by phone, internet, or mail, or he can designate another person to act on his behalf. (*See* Compl. at ECF 13-15.)

## II. Plaintiff's Claims Against the "Supervisor"

Plaintiff appears to allege that when he went to the SSA office on Nostrand Avenue to report his missing check, he requested to meet with the Supervisor of the office, who refused to meet with Plaintiff. (*See* Compl. at ECF 8-9.) "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Thomas*, 470 F.3d at 496 ("Because the doctrine of *respondeat superior* does not apply in *Bivens* actions, a plaintiff must allege that the individual defendant was personally involved in the constitutional violation.").

"Personal involvement" may be established by evidence of direct participation by a supervisor in the challenged conduct, or by evidence of a supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." *Hayut v. State Univ. of New York*, 352 F.3d 733, 753 (2d Cir. 2003). Here, Plaintiff's complaint is devoid of factual allegations describing the personal involvement of the John Doe Supervisor with respect to any of the alleged violations of Plaintiff's constitutional rights described in the complaint. At most, Plaintiff alleges that he had demanded to see a supervisor and that a security guard notified Plaintiff that the supervisor "d[id] not want to see [Plaintiff]." (Compl. at ECF 8.) This allegation, in itself, does not state a plausible constitutional violation by the Supervisor.

## CONCLUSION

Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted solely for purposes of this Order. For the foregoing reasons, Plaintiff's claims against the SSA and the Supervisor of the SSA office are dismissed. 28 U.S.C. § 1915(e)(2)(B). No summons shall issue as to these Defendants. The Clerk of Court is directed to terminate these Defendants from the action.

Plaintiff's claim against the two yet unidentified security guards may proceed. In accordance with *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), the Court hereby requests that the United States Attorney's Office for the Eastern District of New York, attempt to ascertain the full names of the two security guards who allegedly assaulted Plaintiff, or whom Plaintiff allegedly assaulted on January 24, 2017, at 2:15 p.m. at the SSA office located at 2250 Nostrand Avenue, in Brooklyn; the United States Attorney's Office is also requested to provide the addresses where these individuals can be served; the government need not undertake to defend or indemnify these individuals at this juncture. The United States Attorney's Office is hereby requested to produce the information specified above regarding the identities of the John Doe security officers and their service addresses to the Court within forty-five (45) days from the date of this Order. Once the John Doe security officers have been identified, Plaintiff's complaint shall be deemed amended to reflect the full names of these individuals as defendants, summonses shall issue, and the Court shall direct service on these defendants.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in *forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ *Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: May 2, 2017
⠀⠀⠀⠀Brooklyn, New York