UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANTHONY ESTEE GAULT,

                      Plaintiff,                  **MEMORANDUM AND ORDER**
                                                               17-CV-703 (PKC)(LB)

       -against-

RANDY AGARD, Security Guard and
RIGOBERTO BRYAN, Security Guard,

                      Defendants.
------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

Plaintiff Anthony Estee Gault, proceeding *pro se*, brings this action asserting claims pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Before the Court is Defendants' motion for summary judgment. For the reasons stated below, Defendants' motion is granted and this matter is dismissed.

## BACKGROUND

### A. Relevant Facts

Plaintiff alleges that on January 24, 2017, he went to the Social Security Administration ("SSA") office located at 2250 Nostrand Avenue in Brooklyn, New York, to report a stolen Social Security check. An altercation ensued, and Plaintiff alleges that he was assaulted by "two security guards of [the] Social Security Administration." (Complaint, Dkt. 1, at 5, 8–9; *see also* Dkt. 81.)[1] Plaintiff was issued two "tickets," one for disorderly conduct and one for assaulting a security guard. (Dkt. 1, at 10–11.)

---

[1] Citations to page numbers refer to the pagination generated by the Court's electronic docketing system and not the document's internal pagination.

The two security guards, Defendants Randy Agard and Rigoberto Bryan, were private security guards employed by Alante Security Group Inc. ("Alante") at the time of the incident. (Dkt. 77-5, at ¶ 2; Dkt. 77-6, at ¶ 2; Dkt. 77-7, at ¶ 2.) Alante had a contract with the Department of Homeland Security to provide security to federal facilities, including SSA offices. (Dkt. 77-2, at 2; *see generally* Dkt. 77-27.)

### B. Procedural History

Plaintiff filed his complaint on February 3, 2017. (Dkt. 1.) On May 2, 2017, the Court dismissed Plaintiff's claims against the Social Security Administration and a Supervisor of the SSA office where the alleged incident occurred, but allowed Plaintiff to proceed against the then-unidentified security guards. (Dkt. 11.) On June 6, 2017, the security guards were identified as Defendants Agard and Bryan. (Dkt. 12.) On August 22, 2017, Magistrate Judge Lois Bloom issued a scheduling order for discovery in this case. (Dkt. 29.) Plaintiff repeatedly disobeyed Judge Bloom's orders and refused to participate in discovery, including the taking of his deposition. (Dkt. 77-1, at ¶¶ 13–21.) On April 19, 2018, Defendants filed their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56. (Dkt. 77.) On May 1, 2018, the Court provided Plaintiff with notice under Local Civil Rules 12.1 and 56.2 that Defendants' motion to dismiss would be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56. (Dkt. 78.) Plaintiff filed his opposition on June 13, 2018. (Dkt. 81.) Defendants' motion was fully briefed on June 28, 2018. (Dkt. 82.)

## STANDARD OF REVIEW

Summary judgment is appropriate where the submissions of the parties, taken together, "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 251–52 (1986) (summary judgment inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law"). A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The initial burden of "establishing the absence of any genuine issue of material fact" rests with the moving party. *Zalaski v. City of Bridgeport Police Dep't*, 613 F.3d 336, 340 (2d Cir. 2010). Once this burden is met, however, the burden shifts to the nonmoving party to put forward some evidence establishing the existence of a question of fact that must be resolved at trial. *Spinelli v. City of N.Y.*, 579 F.3d 160, 166–67 (2d Cir. 2009); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986). "The mere existence of a scintilla of evidence in support of the non-movant's position will be insufficient; there must be evidence on which the jury could reasonably find for the non-movant." *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 743 (2d Cir. 2003) (quotation and brackets omitted). In other words, "[t]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quotation omitted). In determining whether a genuine issue of fact exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 309 (2d Cir. 2008). The Court also construes any disputed facts in the light most favorable to the nonmoving party. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157–59 (1970). However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson*, 477 U.S. at 247–48.

When considering a dispositive motion made by or against a *pro se* litigant, the Court is mindful that a *pro se* party's pleadings must be "liberally construed" in favor of that party and are

held to "less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *see also Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) ("We liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." (citation and quotation omitted)). Nonetheless, "[p]roceeding *pro se* does not otherwise relieve a litigant of the usual requirements of summary judgment, and a *pro se* party's bald assertions unsupported by evidence, are insufficient to overcome a motion for summary judgment." *Rodriguez v. Hahn*, 209 F. Supp. 2d 344, 348 (S.D.N.Y. 2002) (quotation omitted).

## DISCUSSION

Although Plaintiff brings his claims of false arrest, excessive force, and malicious prosecution pursuant to 42 U.S.C. § 1983 and *Bivens*, as the Court noted in its May 2, 2017 Order, "[t]o the extent that Plaintiff alleges that his constitutional rights were violated by an agency and employees of the United S[t]ates government, the proper jurisdictional basis is under *Bivens* . . . rather than § 1983." (Dkt. 11, at 1 n.1.) Since Plaintiff asserts that Defendants were acting as agents of the SSA, a federal agency, when they allegedly assaulted him, the proper jurisdictional basis for Plaintiff's claims is *Bivens*. *See Spinale v. U.S. Dep't of Agric.*, 621 F. Supp. 2d 112, 119 (S.D.N.Y. 2009) ("Where a plaintiff brings a Section 1983 claim against federal defendants in error, the proper course of action is to construe the complaint as stating a cause of action under [*Bivens*].").

"[M]ost cases within the Second Circuit have declined to allow a *Bivens* action against the employees of federal contractors, whether or not *Bivens* would allow such an action if the defendants were federal employees." *Sanford v. Bruno*, No. 17-CV-5132, 2018 WL 2198759, at *7 (E.D.N.Y. May 14, 2018); *see, e.g.*, *Moore v. Samuel S. Stratton Veterans Admin. Hosp.*, No.

4

16-CV-475, 2016 WL 3647180, at *3 (N.D.N.Y. June 3, 2016); *Shapiro v. Cmty. First Servs., Inc.*, No. 11-CV-4061, 2014 WL 1276479, at *6, *9 (E.D.N.Y. Mar. 27, 2014); *La Ford v. Geo Grp., Inc.*, No. 13-CV-1978, 2013 WL 2249253, at *3 (E.D.N.Y. May 22, 2013); *Brooks v. Sposato*, No. 11-CV-2598, 2012 WL 6756944, at *5–*6 (E.D.N.Y. Nov. 26, 2012); *Feldman v. Lyons*, 852 F. Supp. 2d 274, 279 (N.D.N.Y. 2012); *Acosta v. Robinson*, No. 12-CV-2287, 2012 WL 6569766, at *2 (E.D.N.Y. Dec. 17, 2012). *But see Espinoza v. Zenk*, No. 10-CV-427, 2013 WL 1232208, at *7–*8 (E.D.N.Y. May 27, 2013) (recognizing a *Bivens* action for a First Amendment claim against employees of a private contractor). Because "[a] *Bivens* action may only be only be brought against someone acting under color of federal law, not a private citizen working for a private company," the Court will not permit this action to proceed any further. *Bey v. Fernandez*, No. 15-CV-7237, 2016 WL 845324, at *3 (E.D.N.Y. Mar. 2, 2016).

Even if the Court were inclined to find a *Bivens* cause of action in this case, it could not. The Supreme Court "has set out a rigorous two-step inquiry for courts to determine whether to imply a *Bivens* cause of action in a new context or against a new category of defendants." *Sanford*, 2018 WL 2198759, at *5 (citing *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017)). First, "the court must determine whether a plaintiff's claims arise in a new *Bivens* context." *Id.* Plaintiff's claim clearly arises in a new context as "*Bivens* has never been extended under controlling precedent to actions for damages against individual employees of a private contractor." *Shapiro*, 2014 WL 1276479, at *6.

Next, "[i]f the case presents a new factual context for a *Bivens* claim, then the court proceeds to the second step and asks, 'whether any alternative, existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages.'" *Sanford*, 2018 WL 2198759, at *5 (quoting *Wilkie v.*

5

*Robbins*, 551 U.S. 537, 550 (2007) and citing *Ziglar*, 137 S. Ct at 1857). In *Minneci v. Pollard*, the Supreme Court held that a federal inmate could not bring a *Bivens* claim against private prison employees for violating his Eighth Amendment rights by denying him appropriate medical care because "in the circumstances present[,] . . . state tort law authorize[d] adequate alternative damages actions—actions that provide[d] both significant deterrence and compensation." 565 U.S. 118, 120 (2012).[2] Because New York law provides causes of action for false arrest, excessive force, and malicious prosecution, *Diederich v. Nyack Hosp.*, 854 N.Y.S.2d 411 (N.Y. App. Div. 2008)—and Plaintiff does not allege that he is somehow prevented from bringing his claims against Defendants in state court—the Court holds that Plaintiff does not advance a viable federal claim against Defendants and that summary judgment must be granted in Defendants' favor. *See Yorzinski v. Imbert*, 39 F. Supp. 3d 218, 224 (D. Conn. 2014) (declining to extend *Bivens* where "Connecticut law [was] adequate to provide relief for Plaintiff's alleged injury, and such relief would be roughly similar to that available under *Bivens*. (quotation omitted)).[3]

---

[2] The *Minecci* Court acknowledged that it had "already decided in *Carlson* [*v. Green*, 446 U.S. 14 (1980)] that a federal prisoner could bring an Eighth-Amendment *Bivens* action against prison personnel" for deliberate indifference to serious medical needs. 565 U.S. at 126. The Court identified that the "critical difference" between the two cases was "employment status": "*Carlson* . . . was a case in which a federal prisoner sought damages from personnel employed by the *government*, not personnel employed by a *private* firm." *Id.* (emphasis in original).

[3] The Court acknowledges one district court decision in this Circuit that appears to conflict. In *Bender v. General Services Administration*, 539 F. Supp. 2d 702 (S.D.N.Y. 2008), the court held that "plaintiff sufficiently allege[d] that defendants were acting under control of federal law" for the purposes of *Bivens* where "[d]efendants were contractual participants in the provision of security services for SSA." *Id.* at 708. Because *Bender* preceded the Supreme Court's pronouncement in *Minneci* that "in the case of a privately employed defendant," no *Bivens* action will lie where "state tort law provides an alternative existing process capable of protecting the constitutional interests at stake," 565 U.S. at 125, the Court declines to follow *Bender*. *See L.S. v. Webloyalty.com, Inc.*, No. 10-CV-1372, 2014 WL 3547640, at *5 (D. Conn. July 17, 2014) (noting

## CONCLUSION

For the reasons stated, Defendants' motion for summary judgment is granted and this matter is dismissed with prejudice. The Clerk of Court is respectfully requested to enter judgment and terminate this case.

SO ORDERED.

/s/ *Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: March 11, 2019
Brooklyn, New York

---

that the district court is "not bound by the decisions of any other district court in the nation, nor by the decisions of any circuit court other than the Second").